UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04837-BRO (MRWx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC.** | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:**      (IN CHAMBERS)

# ORDER RE PLAINTIFF'S MOTION TO REMAND [14]

## I.   INTRODUCTION

Pending before the Court is Plaintiff Manuel Balian's ("Plaintiff") Motion to Remand.  (*See* Dkt. No. 14 (hereinafter, "Motion" or "Mot.").)  After considering the papers filed in support of and in opposition to the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel.   *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is, and at all relevant times herein was, a resident of the County of Los Angeles, State of California.  (*See* Dkt. No. 1-2 (hereinafter, "Complaint" or "Compl.") ¶ 2.)  Defendant The Home Depot U.S.A., Inc. ("Home Depot") is incorporated in the State of Delaware and has corporate headquarters located in the State of Georgia.  (*See* Dkt. No. 1 (hereinafter, "Removal") ¶ 15.)  Home Depot maintains several places of business in Los Angeles County, California.  (*See* Compl. ¶ 3.)

The Home Depot hired Plaintiff to work at its Burbank, California location on or around December 3, 2015.  (Compl. ¶ 10.)  Plaintiff alleges that his work environment became hostile due to the appointment of a new supervisor of his freight team in early August 2016 and that he continued to be harassed by that supervisor until Home Depot terminated his employment on September 27, 2017.  (*See* Compl. ¶¶ 11–22.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04837-BRO (MRWx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC.** | | |

On May 15, 2017, Plaintiff filed his Complaint in Los Angeles County Superior Court, alleging nine causes of action: (1) discrimination in violation of California Government Code Section 12940 et seq.; (2) harassment in violation of California Government Code Section 12940 et seq.; (3) retaliation in violation of California Government Code Section 12940 et seq.; (4) failure to prevent discrimination, harassment, and retaliation in violation of California Government Code Section 12940(k); (5) retaliation for disclosing violations of law pursuant to California Labor Code Section 98.6; (6) wrongful termination; (7) intentional infliction of emotional distress; (8) breach of implied-in-fact agreement; and (9) unfair competition pursuant to violation of California Business and Professions Code Section 17200, et seq. (*See* Compl. at 1–2.) Plaintiff also seeks declaratory judgment that Defendant harassed, discriminated against, and wrongfully terminated him on the basis of protected characteristics under California Government Code Section 12920 et seq. (*See* Compl. ¶¶ 29–38.) Defendant filed its Notice of Removal on June 30, 2017, invoking this Court's diversity jurisdiction (*see* Removal), and filed an Answer to the Complaint on July 7, 2017 (*see* Dkt. No. 8). On July 28, 2017, Plaintiff filed the instant Motion asserting that Defendant improperly removed the case from state court due to a lack of complete diversity. (*See* Mot. at 3.) Defendants filed their Opposition to Plaintiff's Motion to Remand on August 28, 2017. (*See* Dkt. No. 15 (hereinafter, "Opposition" or "Opp'n").) Plaintiff replied on August 31, 2017. (*See* Dkt. No. 16 (hereinafter, "Reply").)

## III. LEGAL STANDARD

Federal courts are of limited jurisdiction and possess jurisdiction only as authorized by the Constitution or by federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. section 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted Section 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | CV 17-04837-BRO (MRWx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | **MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC.** | | |

Under 28 U.S.C. section 1441(a), a civil action may be removed to federal court only if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). This means that removal is proper only if the district court has original jurisdiction over the issues alleged in the state court complaint. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If a district court finds that it lacks jurisdiction at any time, the court must remand the action. *See* 28 U.S.C. § 1447(c). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1988)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## IV. DISCUSSION

### A. Whether Complete Diversity Exists Between Plaintiff and Defendant

Plaintiff contends that removal was improper because Defendant has failed to show complete diversity between Plaintiff and Defendant. (Mot. at 3.) As explained below, the Court disagrees with Plaintiff.

#### 1. Plaintiff's Citizenship

For diversity jurisdiction purposes, an individual's citizenship is determined by where the individual is domiciled. *See Hunter*, 582 F.3d at 1043. An individual's domicile is his or her permanent home, where the individual resides with the intention to remain or to where he or she intends to return. *See Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Here, Plaintiff is and was a resident of Los Angeles County, California during the relevant time period (*see* Compl. ¶ 3), and there is no evidence before the Court that Plaintiff intends to leave the state. Moreover, Plaintiff appears to concede that he is a California citizen. (*See* Mot.) Accordingly, the Court finds that Plaintiff is and was domiciled in, and therefore a citizen of, California.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 17-04837-BRO (MRWx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC.** | | |

### 2. Defendant Home Depot's Citizenship

The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). The phrase "principal place of business" refers to "the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'" *Hertz*, 559 U.S. 77 at 93.

Here, Defendant provided declarations stating that Home Depot is a Delaware corporation (*see* Dkt. No. 15-1 (hereinafter, "Collins-Brown Decl.") ¶ 3.) and that it "performs a vast majority its executive and administrative functions at its corporate headquarters" in Fulton County, Georgia (*see* Dkt. No. 3 ("Conley Decl.") ¶ 5; *see also* Removal ¶ 15). Specifically, Home Depot asserts its executive offices, as well as its "finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal functions are all centralized in its Atlanta headquarters." (Collins-Brown Decl. ¶ 3.) Defendant has thus adequately established its "nerve center," where executives control its enterprise, as its Georgia corporate headquarters. Therefore, the Court finds that Home Depot is a citizen of Delaware, its state of incorporation, and of Georgia, its principal place of business.

Plaintiff asserts that Home Depot is a citizen of California because California is its "principal place of business." (Mot. at 8–9.) Plaintiff does not dispute the location of Home Depot's corporate headquarters in Atlanta, Georgia, as described above. (Mot. at 5–9.) Instead, Plaintiff relies on *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495 (9th Cir. 2001) as authority supporting that a corporation's principal place of business can be established by identifying a state where a "substantial predominance" of business activity takes place. (*See* Mot. at 6.) According to the Supreme Court's holding in *Hertz,* the "substantial predominance" test, previously used by the Ninth Circuit as a way to determine a corporation's principal place of business, is no longer valid. *See Hertz*, 559 U.S. 77 at 92 (nullifying divergent statutory interpretations by federal circuit courts and exclusively adopting the "nerve center" test for determining the singular principal place of business of a corporation). The Court therefore rejects Plaintiff's argument.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04837-BRO (MRWx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC. | | |

Accordingly, the Court finds that based on the facts presented in this case, Home Depot is a citizen only of the States of Delaware and Georgia, not California, for the purpose of 28 U.S.C. Section 1332.

Plaintiff is therefore a citizen of a different state than Defendant, and the Court finds that the complete diversity of citizenship requirement is satisfied.

### B. Whether the Amount in Controversy is Sufficient

In order for removal to be proper, Defendant must also establish that the amount in controversy exceeds $75,000. Defendant provided support of this requirement in its removal petition (*see* Removal ¶¶ 19–21) and Plaintiff does not challenge removal on these grounds in its Motion (*see* Mot.).

"[I]n cases where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). A "preponderance of the evidence" standard requires that the defendant establish that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement, exclusive of costs and interest. *See id.*

When considering whether the Defendant's burden is met upon removal, a court "may consider facts in the removal petition." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Additionally, "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Where a plaintiff does not "disavow his letter or offer contrary evidence," the letter may be taken as "sufficient to establish the amount in controversy." *Id.*

Here, the amount of damages sought was not specified in Plaintiff's Complaint. Defendant cites in its Removal papers a settlement letter from Plaintiff's counsel dated February 3, 2017 to establish that the amount in controversy exceeds $75,000. (*See* Removal ¶ 20, Ex. I.) Specifically, Defendant points to Plaintiff's opening demand of $110,000 to settle all claims as "an honest estimate of Plaintiff's claims" based on the calculation of lost wages alleged in the letter. (*See* Removal ¶ 20, Ex. I.) In addition to

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-04837-BRO (MRWx) | Date | September 14, 2017 |
|---|---|---|---|
| Title | MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC. | | |

Plaintiff's calculation of lost wages in the settlement letter, Plaintiff also claims damages related to emotional distress. (*See* Compl. at 22.)

Plaintiff does not discuss the amount in controversy in its Motion (*see* Mot.), but argues in response to Defendant's Opposition that Defendant has not met their burden because a settlement letter is not admissible evidence of the amount in controversy pursuant to Federal Rule of Evidence 408(a). (*See* Reply at 5.) Like the settlement demand in *Cohn*, here "Rule 408 is inapplicable because [the settlement letter] was not offered to establish the amount of [Defendant's] liability," but only to indicate Plaintiff's assessment of the value of its lost wages. *Cohn*, 281 F.3d 837 at n.3.

Plaintiff has not specifically contended, nor presented evidence to the Court which disputes, that the actual amount of damages Plaintiff seeks is less than the amount represented in Plaintiff's settlement demand. The preponderance of the evidence before the Court thus supports an amount in controversy of more than $75,000. *See Sanchez*, 102 F.3d at 404. Therefore, the Court finds the amount in controversy requirement for removal is also satisfied.

In conclusion, the Court finds that because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. section 1332.

### C. Requests for Fees and Sanctions

Plaintiff has requested that the Court award him attorney's fees and costs incurred in bringing this Motion pursuant to 28 U.S.C. Section 1447(c). Based on the Court's conclusion that removal was proper this request is denied.

In its Opposition, Defendant contends that Plaintiff's counsel's arguments in its Motion are frivolous and warrant monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure.[1] Rule 11 requires that a request for sanctions be "made separately

---

[1] Defendant asserts Plaintiff's Motion is frivolous because its arguments relied on the abrogated "substantial predominance" test for a corporation's principal place of business. (Opp'n at 5.) Notably, in its Removal papers, Defendant refers to the same abrogated standard to articulate an alternative basis for finding their principal place of business as their corporate headquarters. (*See* Removal ¶ 16 (stating that because "Home Depot does not perform a '*substantial predominance*' of corporate operations in

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 17-04837-BRO (MRWx)** | Date | September 14, 2017 |
|---|---|---|---|
| Title | **MANUEL BALIAN V. THE HOME DEPOT U.S.A., INC.** | | |

from other motions or requests." Fed. R. Civ .P. 11(c)(1)(A); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1109 (S.D. Cal. 2003).[2] Here, Defendant's request for sanctions is instead included in their Opposition. (*See* Opp'n at 5.) Though formulating their request as at the mercy of the Court's own initiative and discretion under Rule 11(c)(3) to order the Plaintiff to show cause why sanctions are improper, it is in essence a request for sanctions, and as such, is procedurally inappropriate. Accordingly, Defendant's request for sanctions is denied, though Defendant has the opportunity to place a properly noticed motion for Rule 11 sanctions before the Court.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Defendant properly removed this matter under 28 U.S.C. section 1332. Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand. The hearing set for September 18, 2017, is hereby **VACATED**.

**IT IS SO ORDERED.** :

Initials of Preparer   rf

---

any single state," its "principal place of business is the state in which the corporation performs its executive and administrative functions") (emphasis added).)

[2] Home Depot also cites *Arellano* in its Removal, which as shown above, clearly and explicitly states the proper procedure for requesting Rule 11 sanctions. (*See* Removal ¶ 15.)